**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherryl Lynn Reed,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-18-03579-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Sherryl Reed's Application for Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 15, "Def. Br."), and Plaintiff's Reply (Doc. 16, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, "R."), and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 10–32) as upheld by the Appeals Council (R. at 1–6).

**I.  BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on December 9, 2014, alleging disability beginning August 5, 2012. (*Id.* at 13.) Her claim was denied initially on April 16, 2015, and on reconsideration on August 27, 2015. (*Id.*) On June 2, 2017, Plaintiff appeared and testified at a hearing before the ALJ. (*Id.*) On October 27,

2017, the ALJ denied her claim, and on August 28, 2018, the Appeals Council denied Plaintiff's Request for Review. (*Id*. at 1–6, 10–32.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease of the lumbar spine; lumbar stenosis; status post multiple lumbar surgeries; post laminectomy syndrome; left knee joint effusion; paroxysmal supraventricular tachycardia, hypertension; and gastroesophageal reflux disease. (*Id*. at 15.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability-onset date through the date of the decision. (*Id*. at 27.) The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 19.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations. The claimant could lift and/or carry 10 [pounds] occasionally and frequently. The claimant could sit 6 hours. She could stand and/or walk for a total of 4 hours. She could frequently climb ramps and stairs, but should never climb ladders, ropes, scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, wetness, vibration, fumes, odors, dusts, gases, and poor ventilation. The claimant should avoid hazards, such as moving machinery and unprotected heights.

(*Id*. at 20.) Accordingly, the ALJ found that Plaintiff "was capable of performing her past relevant work as an appeals specialist and graphic specialist." (*Id*. at 26.)

## II. LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.

*Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises a single issue for the Court's consideration: that the ALJ erroneously rejected her symptom testimony. (Pl. Br. at 1, 13–20.) For the reasons that follow, the Court agrees: the ALJ erroneously rejected Plaintiff's symptom testimony by failing to provide

sufficient support for her rejection. Further, because Plaintiff's testimony when properly credited establishes disability, the Court finds that the appropriate remedy for the ALJ's error is to remand Plaintiff's case for further proceedings.

> **A.  Substantial evidence does not support the ALJ's rejection of Plaintiff's symptom testimony.**

At her hearing, Plaintiff testified that she stopped working because of severe spinal issues that required multiple surgeries and caused her pain. (R. 40, 44–47.) She further testified that surgeries in August 2012 and July 2014 provided some initial relief of her symptoms, but the relief was not lasting or complete. (*Id.* at 44–47.) Plaintiff additionally testified that medications and physical therapy also provided only partial and temporary relief of her symptoms. (*Id.*)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

The ALJ provided several reasons for rejecting Plaintiff's testimony, however, none are supported by substantial evidence. First, the ALJ found that the objective medical evidence does not fully corroborate Plaintiff's allegations. (R. at 22.) Next, the ALJ found

that Plaintiff made inconsistent statements regarding her improvement after surgeries and the absence of side effects from her medication. (*Id.* at 23.) Specifically, the ALJ cited a single record where Plaintiff reported she was doing better following her second spinal surgery. (*Id.*) She also cited as inconsistencies several records where Plaintiff does not report side effects from medications. (*Id.*) The ALJ also rejected Plaintiff's symptom testimony because her "chronic pain was well-controlled with muscle relaxants and narcotic pain relievers." (*Id.*) Finally, the ALJ found that Plaintiff pursued only conservative treatment for her impairments. (*Id.* at 26.)

    The ALJ's reliance on Plaintiff's purported inconsistent statements to reject Plaintiff's symptom testimony was misplaced. Initially, the ALJ cites only a single statement by Plaintiff that she felt significantly better following her July 2014 spinal surgery—her second surgery during the relevant period. (*Id.*) However, Plaintiff reported that although she improved temporarily following both surgeries, the improvement was neither lasting nor complete. (*Id.* at 44–47.) Further, the medical records support Plaintiff's testimony and indicate that her improvement after the July 2014 surgery was only partial and temporary. (*Id.* at 365, 370, 476, 481, 485, 490, 499.) Significantly, the improvement the ALJ cites covers only a small portion of the relevant period and does not justify the wholesale rejection of Plaintiff's allegations. The fact that Plaintiff reports significant improvement (at least temporarily) after her second surgery, *bolsters* her reports that she did not experience lasting improvement following her first surgery in August 2012. It indicates that her pain was severe and persistent enough following her first surgery to require another surgery. Accordingly, it was error for the ALJ to reject Plaintiff's testimony based on isolated, partial, and temporary improvement. *See Trevizo v. Berryhill*, 871 F.3d 664, 679–80 (9th Cir. 1995). Similarly, the ALJ's reliance on the absence of documented side effects in the medical records is not an adequate basis to justify wholesale rejection of Plaintiff's allegations. Plaintiff testified that certain medications made her head feel "cloudy," but the absence of documented side effects in the medical records is an insufficient justification to reject Plaintiff's testimony because it is a minor, isolated, and

peripheral discrepancy. (R. at 48–49.) *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883–84 (9th Cir. 2006). Plaintiff's central allegations hardly concern side effects due to medication and the heart of her testimony is bolstered rather than contradicted by the bulk of the medical evidence.

Nor does the evidence support the ALJ's conclusion that Plaintiff's symptoms were well-controlled with medication. Though the ALJ identifies several records where Plaintiff reports moderate pain and the helpfulness of medications, these same records also indicate Plaintiff had persistent and severe pain. (R. at 23.) Notably, Plaintiff also reported medication was occasionally unhelpful and that pain persisted despite its use. (*Id*. at 350–51, 353–54, 370, 481, 485, 499.) Further, her pain, despite medication-use, was aggravated by changing positions and activities of daily living. (*Id*.) Ultimately, substantial evidence does not support the ALJ's conclusion that Plaintiff's symptoms were well-controlled with medication. Instead, the evidence indicates that Plaintiff's symptoms were persistently limiting despite medication such that they required another spinal surgery during the relevant period following her August 2012 surgery. (*Id*. at 350–51, 353, 365, 370, 445.)

Finally, the ALJ's other offered rationales do not justify the rejection of Plaintiff's symptom testimony. Absent additional justification, a claimant's allegations cannot be rejected solely because they are not fully corroborated by the medical evidence. *Burch*, 400 F.3d at 682. Further, as discussed above, much of the objective evidence corroborates Plaintiff's allegations that spinal issues caused pain which necessitated multiple surgeries that only provided partial and temporary relief. (*Id*. at 44–47.) These same facts negate the ALJ's final reason for rejecting Plaintiff's testimony—that she pursued only conservative treatment for her impairments. (R. at 26.) Plaintiff's regular use of opioid pain medications, physical therapy, and undergoing two spinal surgeries during the relevant period plainly contradict the assertion that Plaintiff pursued only conservative treatment. (*Id*. at 324, 326, 329–30, 333, 335, 445.)

….

….

In sum, although the ALJ provided potentially legitimate reasons for rejecting Plaintiff's symptom testimony, they were unsupported by substantial evidence. Accordingly, the ALJ erred by rejecting Plaintiff's symptom testimony.

### B. The appropriate remedy is to remand Plaintiff's case for further proceedings.

Plaintiff argues the credit-as-true rule, if applied here, should result in a remand of Plaintiff's case for a calculation and payment of benefits. *See Garrison*, 759 F.3d at 1020. The credit-as-true rule applies if each part of a three–part test is satisfied. *Id*. First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id*. Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id*. Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

Here, the appropriate remedy is to remand Plaintiff's case for further proceedings. As discussed above, the ALJ did not provide sufficient reasons for rejecting Plaintiff's symptom testimony. Next, the record is fully developed and there is no indication that further proceedings would be useful. Plaintiff has already testified fully and a vocational expert was questioned regarding the availability of work for a hypothetical person with Plaintiff's alleged limitations. (R. at 61–62.) However, the Court cannot say that the ALJ would be required to find claimant disabled upon further review.

**IT IS THEREFORE ORDERED** reversing the October 27, 2017 decision of the Administrative Law Judge (R. at 10–32.), as upheld by the Appeals Council (R. at 1–6).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 11th day of January, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge