WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherryl Lynn Reed, | No. CV-18-03579-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Alter or Amend Judgement. (Doc. 19.) Defendant (the "Commissioner") filed a Response, (Doc. 20), to which Plaintiff replied, (Doc. 21). Having considered the parties' briefing and relevant law, the Court now denies Plaintiff's motion.

**I.    BACKGROUND**

The procedural background has been explained in a previous order of the Court ("Order"), (Doc. 17), and will not be repeated in full here but is incorporated for purposes of this ruling. In short, Plaintiff filed an Application for Disability Insurance benefits in 2014, which was twice denied in 2015. (*Id.* at 1.) In 2017 Plaintiff appeared and testified before an Administrate Law Judge ("ALJ") who denied her claim, and in 2018 the Appeals Council denied Plaintiff's Request for Review. (*Id.* at 1–2.)

In January 2021, this Court reversed the ALJ's decision as upheld by the Appeals Council. (*Id.* at 7.) The Court found that the ALJ erred in rejecting Plaintiff's symptom testimony because such a rejection was unsupported by substantial evidence. (*Id.*) At that

time, the Court considered Plaintiff's credit-as-true rule argument, which asked the Court to remand Plaintiff's case for a calculation and payment of benefits. (*Id.*) The Court found the third prong of the relevant test was unsatisfied and remanded the case to the Social Security Administration for further proceedings. (*Id.*)

In February of 2021, Plaintiff filed the instant motion under Federal Rule of Civil Procedure 59(e), again arguing that the Court should direct the ALJ to award benefits under the credit-as-true doctrine. (Doc. 19.)

## II.     LEGAL STANDARD

Reconsideration of a court's judgment is an "extraordinary remedy, to be used sparingly," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)); and it "may not be used to relitigate old matters," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C Wright & Miller, Federal Practice and Procedure § 2810.1, 127–128 (2d ed. 1995)). Consequently, "[a] district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are only four grounds upon which a Rule 59(e) motion may be granted: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999)) (cleaned up).

## III.     DISCUSSION

Plaintiff argues that "this Court committed a manifest error of law by failing to exercise it [sic] discretion in a proper manner, that is, by failing to abide by the Ninth Circuit's standard under the credit-as-true rule." (Doc. 21.) Plaintiff's argument fails logically from its inception. Ninth Circuit case law provides a Court "flexibility" on whether to remand for further proceedings, even if all three elements of three credit-as-true

1  rule are established. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). The Ninth
2  Circuit also clarified that "*Connett's* 'flexibility' is properly understood as *requiring courts*
3  *to remand for further proceedings* when, even though all conditions of the credit-as-true
4  rule are satisfied, an evaluation of the record as a whole creates serious doubt that a
5  claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1020–21 (9th Cir. 2014)
6  (emphasis added). The Court, however, was not exercising such "flexibility" here.

7        Before a court has any "flexibility," the credit-as-true rule must apply; and there are
8  three elements which must be met for that to occur. *Id.* There is a "three-part credit-as-
9  true standard, each part of which must be satisfied in order for a court to remand to an ALJ
10 with instructions to calculate and award benefits." *Id.* at 1020. First, "the record [must
11 have] been fully developed and further administrative proceedings would serve no useful
12 purpose." *Id.* Second, "the ALJ [must have] failed to provide legally sufficient reasons
13 for rejecting evidence, whether claimant testimony or medical opinion." *Id.* Third, even
14 "if the improperly discredited evidence were credited as true, the ALJ [must] be required
15 to find the claimant disabled on remand." *Id.*

16       As the Court stated in its Order, only two of those three elements have been met
17 here. (Doc. 17 at 7.) On the first element, the Court found that "the ALJ did not provide
18 sufficient reasons for rejecting Plaintiff's symptom testimony." (*Id.*) On the second
19 element, the Court found that "the record [was] fully developed and there [was] no
20 indication that further proceedings would be useful." (*Id.*) On the third element, however,
21 "the Court [could not] say that the ALJ would be required to find claimant disabled upon
22 further review." (*Id.*) Thus, the Court expressly found that the third element was not met—
23 plainly contradicting Plaintiff's assertion that "[t]his Court found that all of the elements
24 of the credit-as-true standard were satisfied," (Doc. 19 at 2). Because not every required
25 element was satisfied, the Court correctly found that the credit-as-true rule was
26 inapplicable. *See Garrison*, 759 F.3d at 1020. Therefore, the Court's decision in this case
27 comported with Ninth Circuit law, and Plaintiff has not provided a basis for relief under
28 Rule 59(e).

Yet, Plaintiff asks the Court—even if it finds that the credit-as-true doctrine was correctly applied—to amend its previous Order and give a more detailed explanation to provide guidance for further agency action or judicial review. (Doc. 19 at 6 n. 6.) The Commissioner responds that the Order "held that the ALJ erred with respect to the assessment of Plaintiff's subjective statements"; thus, "[o]n remand, that portion of the decision would provide guidance for further agency action." (Doc. 20 at 14.) Consequently, the Commissioner argues that "[a] further delineation as to why the Court remanded for further proceedings rather than award benefits would not provide relevant guidance for further agency action because such a discussion does not pertain to the error identified by this Court." (*Id.*) The Court agrees with the Commissioner. Moreover, there is no Rule 59(e) ground upon which Plaintiff can rest this requested relief. *See* Fed. R. Civ. P. 59(e).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiffs Motion to Alter or Amend Judgement. (Doc. 19.)

Dated this 8th day of October, 2021.

Honorable Susan M. Brnovich
United States District Judge